THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN W. HOLLAND, Appellant, v. EDWARD J. O'HARA, as Warden of Nassau County Jail, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Nassau County, entered December 22, 1960 after a hearing, which dismissed the writ and remanded him to the custody of respondent. Order affirmed. The contention advanced by relator that the court on resentence on May 22, 1953 failed to comply with section 480 of the Code of Criminal Procedure is contrary to the record. While compliance with section 480 is mandatory and the failure to do so entitles a defendant to relief in a habeas corpus proceeding (*People ex rel. Miller* v. *Martin,* 1 N Y 2d 406; *People ex rel. Emanuel* v. *McMann,* 7 N Y 2d 342), such compliance is required only on " judgment day " and not on resentence (*People ex rel. Wilkinson* v. *McMann,* 11 A D 2d 569; *People* v. *Sevic,* 1 Misc 2d 180). Moreover, the contention of noncompliance with section 480 of the Code of Criminal Procedure, which was based on the resentencing court's failure to hear and determine relator's assertion as to the Assistant District Attorney's unkept promise of a lighter sentence upon relator's plea, has been determined adversely to the relator for lack of merit after a hearing in a prior *coram nobis* proceeding; and that determination was affirmed by this court (*People* v. *Holland,* 15 A D 2d 809). Under the circumstances, relator is not entitled to be heard anew on the very question heretofore passed upon by an appellate court (*People ex rel. Baumgart* v. *Martin,* 9 N Y 2d 351, cert. denied 368 U. S. 962; *People* v. *Walker,* 16 A D 2d 706; *People ex rel. Pannone* v. *Fay,* 16 A D 2d 946). The further contention that upon the original sentence on August 3, 1951 and upon the resentence on May 22, 1953 the court failed to comply with section 472 of

the Code of Criminal Procedure is refuted by the record. All the other questions raised by the relator, personally and through his counsel, have been considered and found to be untenable. [For other prior appeals by relator, see *People* v. *Holland,* 279 App. Div. 1098, revd. 305 N. Y. 617; *People* v. *Holland,* 10 A D 2d 884.] Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.